UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| MERIAL COLEMAN | * | |
|     Plaintiff | * | CASE NO. |
| | * | |
| VERSUS | * | JUDGE |
| | * | |
| DOLGENCORP, LLC | * | MAGISTRATE |
|     Defendant | * | |
| | * | A JURY TRIAL IS DEMANDED |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

TO:   The Honorable Judges
of the United States District Court
for the Eastern District of Louisiana

Defendant, DG Louisiana, LLC (incorrectly styled "Dolgencorp, LLC"), respectfully submits this Notice of Removal of the above-styled matter, and as cause therefore shows as follows:

1.

On the 26th day of August, 2015, the attached Petition was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, entitled *Merial Coleman vs. Dolgencorp, LLC*, bearing case number 752-967, Division "J".[1]

---

[1] *See* Exhibit "A" (State Court Record), see Petition for Damages.

2.

Plaintiff's Petition alleges personal injuries as a result of an incident on or about August 28, 2014, at the Dollar General store located at 7123 Veterans Memorial Boulevard in Metairie, Louisiana, where Plaintiff alleges she "proceeded to slip and fall on fluid, water, and/or cleaning liquid negligently placed or otherwise mopped onto the floor by an employee [of Dollar General."[2]  Plaintiff claims she is entitled to damages for past, present, and future "pain and suffering, mental anguish, loss of life's pleasures and disabilities, medical and miscellaneous expenses, and wage loss and loss of earning capacity."[3]

3.

Plaintiff's Petition violated La. C.C.P. article 893 by failing to include a general allegation that the value of the claim exceeded the amount required for the right to a jury trial ($50,000) or the lack of jurisdiction of federal courts ($75,000).  Plaintiff's Petition for Damages was served on defendant on September 23, 2015.[4]

4.

Prior to filing the Petition, plaintiff's counsel submitted a settlement demand for defendant's "**FULL LIABILITY POLICY LIMITS**."[5]  The settlement demand included medical records and bills from LA Health Solutions and OpenSided MRI.  On January 29, 2015, orthopedist, Dr. Marco Rodriguez, examined plaintiff and recommended lumbar ESIs and

---

[2] *Id.*
[3] *Id.*, see Petition for Damages ¶ 13.
[4] *Id.*, see Citation.
[5] *See* Exhibit B, plaintiff's settlement demand with medicals.  (emphasis in original)

considered her to be a candidate for medial branch blocks.[6]  On that same date, Dr. Rodriguez recommended a cervical MRI to determine if the radicular symptoms in plaintiff's left arm were the result of nerve decompression in her neck.[7]  Plaintiff underwent a cervical MRI on April 29, 2015, which, according to Dr. Thompson Dietz, revealed a C4-5 disc protrusion/spur complex and foraminal stenosis.[8]  Based on the records produced in the settlement demand, plaintiff continued to complain of neck and back pain and radicular symptoms in her low back as of June 2015.[9]

5.

Pursuant to 28 U.S.C.A. 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, though service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."  Here, removal is timely because it was filed within 30 days of the September 23, 2015, service of the Petition for Damages setting forth the claim for relief upon which plaintiff's action is based.

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*

6.

DG Louisiana, LLC, desires to have this matter removed from the docket of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana pursuant to the provisions of 28 U.S.C. § 1441 et seq. and 28 U.S.C. § 1446 et seq.

7.

This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and this action is, therefore, removable to this court on the basis that:

- A. The properly joined parties to this action are completely diverse:
    1. Plaintiff, Merial Coleman, is a person of full age of majority and a domiciliary of the State of Louisiana, Parish of Jefferson;[10] and
    2. Defendant, DG Louisiana, LLC, is a single member limited liability company whose sole member is Dolgencorp, LLC. Dolgencorp, LLC, is a single member limited liability company whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.
- B. The amount in controversy herein exceeds the sum of $75,000.00, exclusive of interest and costs. Plaintiff claims that she is entitled to damages for past, present, and future "pain and suffering, mental anguish, loss of life's pleasures and

---

[10] *See* Exhibit "A" (State Court Record), see Petition for Damages.

disabilities, medical and miscellaneous expenses, and wage loss and loss of earning capacity."[11]  Furthermore, on January 29, 2015, orthopedist, Dr. Marco Rodriguez, recommended lumbar ESIs and considered plaintiff to be a candidate for medial branch blocks.[12]  In addition, Plaintiff underwent a cervical MRI on April 29, 2015, which, according to Dr. Thompson Dietz, revealed a C4-5 disc protrusion/spur complex and foraminal stenosis.[13]  Finally, Plaintiff submitted a settlement demand for defendant's "**FULL LIABILITY POLICY LIMITS**."[14]  Defendant's self-insured retention limit, alone, is well in excess of $100,000.

Based on the facts alleged in plaintiff's Petition and Settlement Demand Package, it is clear that Plaintiff alleges injuries and damages that if true, which Defendants deny, place an amount in controversy that exceeds the sum of value of $75,000.00, exclusive of interests or costs.  *Donaldson v. Hudson Ins. Co.*, 116 So.3d 46 (La. App. 4 Cir. 2013)($125,000 awarded to plaintiff with lumbar and cervical disc herniations with recommended injection therapies and future care required); *Aguillard v. Meiners*, 857 So.2d 1034 (La. App. 5 Cir. 2003)($125,000 awarded for aggravation of asymptomatic disc herniations in low back, restricted lifestyle and future medical treatment required); *Vega v. State Farm Mutual Auto.*

---

[11] *Id.*, see Petition for Damages ¶ 13.
[12] *Id.*
[13] *Id.*
[14] *See* Exhibit B, plaintiff's settlement demand with medicals.  (emphasis in original)

*Ins. Co.*, 996 So.2d 1164 (La. App. 5 Cir. 2008)($87,500 awarded for aggravation of shoulder injury and disc bulges in cervical spine).

8.

DG Louisiana, LLC, prays for a jury trial on all issues.

**WHEREFORE**, removing Defendant, DG Louisiana, LLC, prays that the above action now pending in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, be removed therefrom to this Honorable Court.  DG Louisiana, LLC, additionally prays for a jury trial on all issues.

Respectfully submitted,

 /s/ Trevor C. Davies
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
McCRANIE, SISTRUNK, ANZELMO,
 HARDY, McDANIEL & WELCH, LLC
909 Poydras St., Ste. 1000
New Orleans, LA  70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810
*ATTORNEYS FOR DG Louisiana, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by placing same in the U.S. Mail, postage prepaid and properly addressed this 22nd day of October, 2015.

/s/ Trevor C. Davies