In Reference to Case #: _752-967_

Division: _____ 24th JDC

**J**

**Jon A. Gegenheimer**

JEFFERSON PARISH CLERK OF COURT

**24th Judicial District Court**
**FAX Filing**
P.O. Box 10
Gretna LA 70054-0010
www.jpclerkofcourt.us
**Telephone: (504) 364-2971**
**FAX Nos.: (504) 364-3780 & 364-2988**

• STEPHEN R. RUE, ATTY.
FAX # 443-5533

AUGUST 27, 20 15

# FACSIMILE FILING RECEIPT OF TRANSMISSION *CODED*

*CODED*
*P)*
*703*
*620*

Total No. of Pages: 9

Document Type: PETITION FOR DAMAGES, REQUEST FOR NOTICE

Case Title: MERIAL COLEMAN VERSUS DOLGENCORP, LLC

Receipt is hereby acknowledged of the above described document, which was filed at
5:14 ☐ A.M. ☑ P.M. on _____ AUGUST 26, 20 15. Per La. R.S. 13:850,
please forward the original pleading within 7 days, exclusive of legal holidays, after the clerk of
court has received the transmission, with funds in the amounts listed below:

Check payable to "Jefferson Parish Clerk of Court": $ _405_

Check payable to "Orleans Parish Civil Sheriff": $ _____

Check payable to "Louisiana Secretary of State": $ _____

Check payable to "East Baton Rouge Sheriff": $ _23.36_

Check payable to _____: $ _____

***Please enclose a copy of this Receipt of Transmission when original pleading is filed.***

ATTN: Civil Filing Dept.
24th Judicial District Court, Division _NEW SUIT_
Jefferson Parish Clerk of Court
P.O. Box 10
Gretna LA 70054-0010

*# need civil case cover sheet*

IMAGED AUG 27 2015

Exhibit A


10/22/2015 15:10:41 CERTIFIED TRUE COPY - Pg:1 of 11 - Jefferson Parish Clerk of Court - ID:157197

AUG/26/2015/WED 05:05 PM  Stephen Hue & Assoc   FAX No. 5047113 7033    P. 002

Filed by: Fax
Date: 8-26-15
Time: 5:14pm
Deputy Clerk (SEE ATTACHED LOG)

24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO. 752-967

DIVISION " "

J

MERIAL COLEMAN

VERSUS

DOLGENCORP, LLC

FILED: _____          _____
                                   DEPUTY CLERK

## PETITION FOR DAMAGES

The Petition MERIAL COLEMAN (hereinafter "Petitioner"), being of the full age of majority and a resident of Jefferson Parish, Louisiana, respectfully represents:

I.

Made Defendants herein is:

DOLGENCORP, L.L.C., doing business as Dollar General, [Hereinafter referred to as "Defendant"] is a foreign corporation/business entity, operating and doing business in this parish and the State of Louisiana is subject to the proper venue and jurisdiction of this Honorable Court as the incident causing injury occurred in Jefferson Parish and the State of Louisiana

II.

On or about August 28, 2014, in Jefferson Parish, Louisiana, Petitioner was going to shop at the Dollar General Store (Upon information and belief, said Store, on or about 7123 Veterans Memorial Boulevard, Metairie, in Jefferson Parish, Louisiana), when she was walking in said store, owned and operated by Defendant DOLGENCORP, L.L.C.; On August 28, 2014, Plaintiff proceeded to slip and fall on fluid, water and/or cleaning liquid negligently placed and otherwise mopped onto the floor by an employee of defendant (and allowed to remain on the floor for an unreasonable length of time, without proper warning or signs of caution), with said fluid, water, mopping liquid remaining on the floor of an aisle of said store directly and proximately causing injuries and aggravation of injuries to Petitioner. The aforementioned floor was allowed to remain in such ruin, vice and/or defective condition that when a person, including Petitioner in this instance, would step



AUG/26/2015/WED 05:05 PM Stephen Rue & Assoc. FAX No. 504-347-8033 P. 003

Case 2:15-cv-05403-SM-DEK Document 1-1 Filed 10/22/15 Page 3 of 37

on/over/onto the aforesaid fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor in the aisle of said store and a reasonable person, including Petitioner, could easily, and did in fact, loose her footing, balance and/or position, causing injury and damages. The aforementioned floor was allowed to remain in such ruin, vice and/or defect as a direct result of Defendant allowing the aforesaid fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor in the aisle of said store after knowing and/or should have known that the floor was hazardous and created an unreasonable risk of harm to pedestrian traffic, including Petitioner. An employee of the Dollar General Store/ DOLGENCORP, L.L.C. was in the process of mopping the aisle in which Plaintiff/petitioner was injured when said employee left the aisle, while the aforesaid fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor was allowed to remain unattended by any employee or representative of defendant and allowed to remain wet, hazardous, dangerous, without any warning or caution signage of any nature, while said employee of defendant had walked away from his mopping duties in said aisle. The aforesaid defective, ruinous and hazardous conditions of Defendant DOLGENCORP, L.L.C.'s floor were in a ruinous and defective condition on August 28, 2014.

### III.

Defendant DOLGENCORP, LLC is the owner, operator and/or custodian of the aforementioned property and floor located in Jefferson Parish, Louisiana where Petitioner slipped, trip and/or fall on the floor.

### IV.

Defendant DOLGENCORP, LLC is the owner and/or custodian of the defective and ruinous the aforementioned property and located in Jefferson Parish, State of Louisiana where Petitioner slipped, tripped, and/or on fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor.

### V.

Defendant DOLGENCORP, LLC as the owner or custodian of the above referenced ruinous and defective property/thing is answerable and liable for damages occasioned by its ruin, vice, or defect.



**VI.**

Upon information and belief Defendant DOLGENCORP, LLC , its owner(s), manager(s), employees and/or representatives regularly viewed, inspected, maintained and/or mopped the aforementioned property and/or floor where Petitioner slipped, tripped, and/or fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor moments before the petitioner's slip and fall and that Defendant had known or should have known of the unattended slippery, dangerous and wet fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor causing the ruin, vice and/or defect of the aforementioned property and/or floor which in turn caused damages to Petitioner.

**VII.**

Despite knowing or should have knowing by the use of the exercise of reasonable care of the ruin, vices and/or defects of the above referenced floor, Defendant DOLGENCORP, LLC failed to exercise such reasonable care that could have prevented the ruin, vices, defects to the floor and the ultimate damages to Petitioner by failing to timely and promptly remove the fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor and insure that there was a safe floor to walk on. Defendant also negligently failed to adequately warn plaintiff of the defective and hazardous wet and slippery condition of the floor.

**VIII.**

Defendant further is liable to Petitioner as Defendant was negligent on August 28, 2014 by failing the remove the aforementioned the fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor, hazardous, defective and unreasonably dangerous liquid on the floor and/or to warn Petitioner and others regarding the aforementioned hazardous, defective and unreasonably dangerous conditions.  Defendant further is liable to Petitioner for its alleged acts and/or omissions of negligence causing damages to Petitioner to be brought forth at trial on the merits. .  The aforesaid conditions of Defendant's property were in a ruinous, defective, hazardous and dangerous condition on August 28, 2014.    On August 28, 2014, the conditions of the fluid, water and/or cleaning liquid placed and otherwise

IMAGED AUG 27 2015


JON A. GEGENHEIMER

negligently mopped onto the floor presented an unreasonable risk of harm to the plaintiff and that risk of harm was foreseeable by Defendant. If defendant and/or defendants employees had taken minimal precautions, which were not done (including but not limited to had it placed wet floor signs or cones and/or other caution signs in the aisle on or before petitioner's fall — which were NOT done), said defendant could and would have avoided the great injuries of plaintiff. The financial cost of prevention and warning of the aforesaid risk of harm and actual harm from the conditions of the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor, and failing to timely warn of same, was not a substantial cost or effort for defendant (For example, a waring/caution signs that were on the premises in advance of the fall would had sufficed to warn of the danger the slippery floor.) The yellow "Caution wet floor" sign was not placed in the aisle until after petitioner's fall and resulting injuries.

### IX.

Petitioner specifically pleads the <u>Doctrine of Res Ipsa Loquitur</u> applies to the circumstances, acts and/or omissions of Defendant that lead to the resulting injuries to Petitioner.

### X.

Defendant's aforesaid acts and omissions were the direct cause, proximate cause, and cause in fact of the damages and injuries to Petitioner. Defendant is further liable for any and all other acts and omissions of negligence and other liability, such acts of negligence including failure to maintain Defendant's property in a reasonably safe condition to invitees, licensee, and other persons on its property, and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, Jefferson Parish, and the United States.

### XI.

Defendant is liable for the damages and injuries caused by the aforementioned negligent acts and omissions as well as a direct, proximate, and cause in fact of the subject incident. Defendant is liable for the damages and injuries caused by the aforementioned acts and omissions as well as a direct, proximate, and cause in fact of



AUG/26/2015/WED 05:06 PM  Stephen Rue & Assoc    FAX No. 5047445700    ????

Case 2:15-cv-05403-SM-DEK  Document 1-1  Filed 10/22/15  Page 6 of 37

the subject incident. Additionally, any/or in the alternative, plaintiff alleges the liability of defendants for petitioners damages under Articles 2317, 2317.1 and 2320 of the Louisiana Civil Code and 9:2800.6 of the Louisiana Revised Statutes.

### XII.

Further proximate cause of the accident and resulting injuries to plaintiff was the negligence of the defendant and its employee(s) which negligence is more particularized in the following non-exclusive respects:

a.) Failure to adequately warn plaintiff of the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor and the unreasonable risk of harm and defective condition of aisle wet floor;

b.) Failure to provide plaintiff with a designated safe walking pathway in the aisle where she was injured that was free from the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor;

c.) Failing to remove and/or dry the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor which created a dangerous and otherwise unreasonable risk of harm;

d.) Failing maintain the floor where plaintiff was injured;

e.) Failing to adequately and properly warn plaintiff by way of signs, barricades, or other precautionary measures of the inherent danger of the aforesaid the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor;

f.) Failure to adequately inspect the property;

g.) Failure to maintain the premises in a reasonably safe condition;

h.) Failure to oversee persons responsible for maintaining the condition of the aforesaid wet floor;

i.) Failure to meet generally the standard of care required in the above referenced described situation; and

j.) Any and all other acts of negligence and/or tortious activity the plaintiff may discover in the course of litigation.



## XIII.

As a result of the foregoing, Petitioner has suffered severe physical pain and keen mental anguish; Petitioner has required and suffered through extensive medical care and treatment; Petitioner has been disabled in the pursuit of life's pleasures; Petitioner may require medical care in the future; and/or Petitioner has been damaged by an aggravation of prior injuries; all of which have been, are, and will continue to be to the damage of Petitioner in reasonable sums to be determined by the fact finder, said damages itemized as follows:

    A.    **PAIN AND SUFFERING,**
           Past, Present and Future;

    B.    **MENTAL ANGUISH,**
           Past, Present and Future;

    C.    **LOSS OF LIFE'S PLEASURES AND DISABILITIES,**
           Past, Present and Future;

    D.    **MEDICAL AND MISCELLANEOUS EXPENSES,**
           Past, Present, and Future,

    E.    **WAGE LOSS AND LOSS OF EARNING CAPACITY**
           Past, Present and Future

for which Petitioner seeks reasonable and just compensation (consistent with the evidence that will be presented at the trial of this matter).

    **WHEREFORE,** Petitioner MERIAL COLEMAN prays that Defendants DOLGENCORP, L.L.C./ Dollar General be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered MERIAL COLEMAN Petitioner's favor and against Defendant DOLGENCORP, L.L.C./Dollar General for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings. Petitioner reserves the right to amend this



IMAGED AUG 27 2015

JON A. GEGENHEIMER

10/22/2015 15:10:41 CERTIFIED TRUE COPY - Pg:7 of 11 - Jefferson Parish Clerk of Court - ID:157197

Petition as reasonable and proper herein. Petitioner further prays for all legal, just, and equitable relief allowed under the facts and premises enumerated herein

Respectfully submitted,

_____

STEPHEN R. RUE, ESQ. (19136)
STEPHEN RUE & ASSOCIATES L.L.C.
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONER
MERIAL COLEMAN

**PLEASE SERVE:**

DOLGENCORP, L.L.C.
through its registered agent of service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129



10/22/2015 15:10:41 CERTIFIED TRUE COPY - Pg:8 of 11 - Jefferson Parish Clerk of Court - ID:157197

P.008

*Law Offices*

## Stephen Rue & Associates, L.L.C.
3309 Williams Boulevard
Kenner, LA 70065
Telephone: (504) 443-2400
Telecopier: (504) 443-5533

Stephen R. Rue, Esq.

**Associated with:**
Raúl E. Guerra, Jr., LLC

## FACSIMILE TRANSMITTAL

DATE: August 26, 2015

To: NEW SUIT FILING
MERIAL COLEMAN VS. DOLGENCORP, LLC
24TH Judicial District Court for the Parish of Jefferson

NOTE: PLEASE NOTE THIS PETITION IS BEING FILED IN
FORMA PAUPERIS

FACSIMILE NUMBER: 504-364-3780

**Please fax file the attached Petition for Damages
Hard copy to follow via U.S. Mail**

PAGE COUNT: _____9

If any difficulties occur during transmission, please contact, JENNIFER R. THOMPSON @ (504) 443-2400.
*****************************************************************************************

********** **CONFIDENTIALITY NOTICE** ************
This facsimile transmission and any documents accompanying it are intended for the use of the individual or entity named above on this transmission sheet and may contain information from the law firm of Stephen R. Rue & Associates, L.L.C. which is confidential, privileged and exempt from disclosure under applicable law.

AUG-26-2015  17:14                504 443 5533                                    P.001


10/22/2015 15:10:41 CERTIFIED TRUE COPY - Pg:9 of 11 - Jefferson Parish Clerk of Court - ID:157197

SEAL OF THE
CLERK OF COURT
JON A. GEGENHEIMER

Date: 8-26-15
Time: 5:14pm
Deputy Clerk: _____
(SEE ATTACHED LOG)

## 24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

### STATE OF LOUISIANA

NO. _____                                    DIVISION " "

### MERIAL COLEMAN

### VERSUS

### DOLGENCORP, LLC

FILED: _____          _____
                                      DEPUTY CLERK

### REQUEST FOR NOTICE

In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel for Petitioner, written notice, by mail, at least ten (10) days in advance of any date fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the merits thereof.

In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also requested to send notice of any order or judgment in this cause upon the entry of any such order or judgment.

Respectfully submitted,

_____
STEPHEN R. RUE, ESQ.   (19136)
STEPHEN RUE & ASSOCIATES L.L.C.
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONER

PLEASE SERVE:

DOLGENCORP, L.L.C.
through its registered agent of service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129



10/22/2015 15:10:41 CERTIFIED TRUE COPY - Pg:10 of 11 - Jefferson Parish Clerk of Court - ID:157197

8

P.009

************** -JOURNAL- ************************ DATE AUG-26-2015 ***** TIME 17:17 ********

| NO. | COMM. | PAGES | FILE | DURATION | X/R | IDENTIFICATION | DATE | TIME | DIAGNOSTIC |
|-----|-------|-------|------|----------|-----|----------------|------|------|------------|
| 076 | OK | 009 | 143 | 00:02:40 | RCV | 504 443 5533 | AUG-26 | 17:14 | 0507C0000A070003 |

-CLERK OF COURT         -

***** UF-7200 ********************* -CLERK OF COURT  - ***** -      504 364 3780- *********

IMAGED AUG 27 2015

**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 752-907                                            DIVISION " "

MERIAL COLEMAN

VERSUS

DOLGENCORP, LLC

FILED: _____                    _____
                                                            **DEPUTY CLERK**

**PETITION FOR DAMAGES**

The Petition MERIAL COLEMAN (hereinafter "Petitioner"), being of the full age of majority and a resident of Jefferson Parish, Louisiana, respectfully represents:

I.

Filed by: **Fax**
Date: _____
Time: _____
Deputy Clerk: _____
(SEE ATTACHED LOG)

Made Defendants herein is:

DOLGENCORP, L.L.C., doing business as Dollar General, [Hereinafter referred to as "Defendant"] is a foreign corporation/business entity, operating and doing business in this parish and the State of Louisiana is subject to the proper venue and jurisdiction of this Honorable Court as the incident causing injury occurred in Jefferson Parish and the State of Louisiana

II.

On or about August 28, 2014, in Jefferson Parish, Louisiana, Petitioner was going to shop at the Dollar General Store (Upon information and belief, said Store, on or about 7123 Veterans Memorial Boulevard, Metairie, in Jefferson Parish, Louisiana), when she was walking in said store, owned and operated by Defendant DOLGENCORP, L.L.C.; On August 28, 2014, Plaintiff proceeded to slip and fall on fluid, water and/or cleaning liquid negligently placed and otherwise mopped onto the floor by an employee of defendant (and allowed to remain on the floor for an unreasonable length of time, without proper warning or signs of caution), with said fluid, water, mopping liquid remaining on the floor of an aisle of said store directly and proximately causing injuries and aggravation of injuries to Petitioner. The aforementioned floor was allowed to remain in such ruin, vice and/or defective condition that when a person, including Petitioner in this instance, would step


JON A. GEGENHEIMER

10/22/2015 15:11:38 CERTIFIED TRUE COPY - Pg:1 of 7 - Jefferson Parish Clerk of Court - ID:157198

on/over/onto the aforesaid fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor in the aisle of said store and a reasonable person, including Petitioner, could easily, and did in fact, loose her footing, balance and/or position, causing injury and damages. The aforementioned floor was allowed to remain in such ruin, vice and/or defect as a direct result of Defendant allowing the aforesaid fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor in the aisle of said store after knowing and/or should have known that the floor was hazardous and created an unreasonable risk of harm to pedestrian traffic, including Petitioner. An employee of the Dollar General Store/ DOLGENCORP, L.L.C. was in the process of mopping the aisle in which Plaintiff/petitioner was injured when said employee left the aisle, while the aforesaid fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor was allowed to remain unattended by any employee or representative of defendant and allowed to remain wet, hazardous, dangerous, <u>without any warning or caution signage of any nature</u>, while said employee of defendant had walked away from his mopping duties in said aisle. The aforesaid defective, ruinous and hazardous conditions of Defendant DOLGENCORP, L.L.C.'s floor were in a ruinous and defective condition on August 28, 2014.

### III.

Defendant DOLGENCORP, LLC is the owner, operator and/or custodian of the aforementioned property and floor located in Jefferson Parish, Louisiana where Petitioner slipped, trip and/or fall on the floor.

### IV.

Defendant DOLGENCORP, LLC is the owner and/or custodian of the defective and ruinous the aforementioned property and located in Jefferson Parish, State of Louisiana where Petitioner slipped, tripped, and/or on fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor.

### V.

Defendant DOLGENCORP, LLC as the owner or custodian of the above referenced ruinous and defective property/thing is answerable and liable for damages occasioned by its ruin, vice, or defect.



**VI.**

Upon information and belief Defendant DOLGENCORP, LLC , its owner(s), manager(s), employees and/or representatives regularly viewed, inspected, maintained and/or mopped the aforementioned property and/or floor where Petitioner slipped, tripped, and/or fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor moments before the petitioner's slip and fall and that Defendant had known or should have known of the unattended slippery, dangerous and wet fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor causing the ruin, vice and/or defect of the aforementioned property and/or floor which in turn caused damages to Petitioner.

**VII.**

Despite knowing or should have knowing by the use of the exercise of reasonable care of the ruin, vices and/or defects of the above referenced floor, Defendant DOLGENCORP, LLC failed to exercise such reasonable care that could have prevented the ruin, vices, defects to the floor and the ultimate damages to Petitioner by failing to timely and promptly remove the fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor and insure that there was a safe floor to walk on. Defendant also negligently failed to adequately warn plaintiff of the defective and hazardous wet and slippery condition of the floor.

**VIII.**

Defendant further is liable to Petitioner as Defendant was negligent on August 28, 2014 by failing the remove the aforementioned the fluid, water and/or cleaning liquid placed and otherwise mopped onto the floor, hazardous, defective and unreasonably dangerous liquid on the floor and/or to warn Petitioner and others regarding the aforementioned hazardous, defective and unreasonably dangerous conditions. Defendant further is liable to Petitioner for its alleged acts and/or omissions of negligence causing damages to Petitioner to be brought forth at trial on the merits. . The aforesaid conditions of Defendant's property were in a ruinous, defective, hazardous and dangerous condition on August 28, 2014. On August 28, 2014, the conditions of the fluid, water and/or cleaning liquid placed and otherwise

IMAGED AUG 2 7 2015

SEAL OF THE CLERK OF COURT
LOUISIANA
OF JEFF
JON A. GEGENHEIMER

negligently mopped onto the floor presented an unreasonable risk of harm to the plaintiff and that risk of harm was foreseeable by Defendant.   If defendant and/or defendants employees had taken minimal precautions, which were not done (including but not limited to had it placed wet floor signs or cones and/or other caution signs in the aisle on or before petitioner's fall – which were NOT done), said defendant could and would have avoided the great injuries of plaintiff. The financial cost of prevention and warning of the aforesaid risk of harm and actual harm from the conditions of the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor, and failing to timely warn of same, was not a substantial cost or effort for defendant (For example, a waring/caution signs that were on the premises in advance of the fall would had sufficed to warn of the danger the slippery floor.) The yellow "Caution wet floor" sign was not placed in the aisle until <u>after</u> petitioner's fall and resulting injuries.

IX.

Petitioner specifically pleads the <u>Doctrine of Res Ipsa Loquitur</u> applies to the circumstances, acts and/or omissions of Defendant that lead to the resulting injuries to Petitioner.

X.

Defendant's aforesaid acts and omissions were the direct cause, proximate cause, and cause in fact of the damages and injuries to Petitioner.   Defendant is further liable for any and all other acts and omissions of negligence and other liability, such acts of negligence including failure to maintain Defendant's property in a reasonably safe condition to invitees, licensee, and other persons on its property, and liability that may be proven at trial of this matter, including, but not limited to, all acts and/or failures to act in violation of the laws of Louisiana, Jefferson Parish, and the United States.

XI.

Defendant is liable for the damages and injuries caused by the aforementioned negligent acts and omissions as well as a direct, proximate, and cause in fact of the subject incident. Defendant is liable for the damages and injuries caused by the aforementioned acts and omissions as well as a direct, proximate, and cause in fact of



JON A. GEGENHEIMER

the subject incident. Additionally, any/or in the alternative, plaintiff alleges the liability of defendants for petitioners damages under Articles 2317, 2317.1 and 2320 of the Louisiana Civil Code and 9:2800.6 of the Louisiana Revised Statutes.

XII.

Further proximate cause of the accident and resulting injuries to plaintiff was the negligence of the defendant and its employee(s) which negligence is more particularized in the following non-exclusive respects:

a.) Failure to adequately warn plaintiff of the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor and the unreasonable risk of harm and defective condition of aisle wet floor;

b.) Failure to provide plaintiff with a designated safe walking pathway in the asile where she was injured that was free from the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor;

c.) Failing to remove and/or dry the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor which created a dangerous and otherwise unreasonable risk of harm;

d.) Failing maintain the floor where plaintiff was injured;

e.) Failing to adequately and properly warn plaintiff by way of signs, barricades, or other precautionary measures of the inherent danger of the aforesaid the fluid, water and/or cleaning liquid placed and otherwise negligently mopped onto the floor;

f.) Failure to adequately inspect the property;

g.) Failure to maintain the premises in a reasonably safe condition;

h.) Failure to oversee persons responsible for maintaining the condition of the aforesaid wet floor;

i.) Failure to meet generally the standard of care required in the above referenced described situation; and

j.) Any and all other acts of negligence and/or tortious activity the plaintiff may discover in the course of litigation.

IMAGED AUG 27 2015



JON A. GEGENHEIMER

## XIII.

As a result of the foregoing, Petitioner has suffered severe physical pain and keen mental anguish; Petitioner has required and suffered through extensive medical care and treatment; Petitioner has been disabled in the pursuit of life's pleasures; Petitioner may require medical care in the future; and/or Petitioner has been damaged by an aggravation of prior injuries; all of which have been, are, and will continue to be to the damage of Petitioner in reasonable sums to be determined by the fact finder, said damages itemized as follows:

A. PAIN AND SUFFERING,
Past, Present and Future;

B. MENTAL ANGUISH,
Past, Present and Future;

C. LOSS OF LIFE'S PLEASURES AND DISABILITIES,
Past, Present and Future;

D. MEDICAL AND MISCELLANEOUS EXPENSES,
Past, Present, and Future,

E. WAGE LOSS AND LOSS OF EARNING CAPACITY
Past, Present and Future

for which Petitioner seeks reasonable and just compensation (consistent with the evidence that will be presented at the trial of this matter).

WHEREFORE, Petitioner MERIAL COLEMAN prays that Defendants DOLGENCORP, L.L.C./ Dollar General be properly served with a copy of this Petition for Damages and be duly cited to appear and answer same, and that after all due proceedings are had in connection therewith, that there be a judgment rendered MERIAL COLEMAN Petitioner's favor and against Defendant DOLGENCORP, L.L.C./Dollar General for reasonable compensatory damages, penalties, interest, and attorney fees, with judicial interest from the date from judicial demand until paid in full, and for all costs of these proceedings.  Petitioner reserves the right to amend this



Petition as reasonable and proper herein.  Petitioner further prays for all legal, just, and equitable relief allowed under the facts and premises enumerated herein

Respectfully submitted,

STEPHEN R. RUE, ESQ.   (19136)
STEPHEN RUE & ASSOCIATES L.L.C.
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
COUNSEL FOR PETITIONER
MERIAL COLEMAN

PLEASE SERVE:

DOLGENCORP, L.L.C.
through its registered agent of service of process
CORPORATION SERVICE COMPANY
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129



**24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON**

**STATE OF LOUISIANA**

NO. 752-967                                    DIVISION "

**MERIAL COLEMAN**

**VERSUS**

**DOLGENCORP, LLC**

FILED:_____                    _____
                                          **DEPUTY CLERK**

2015 AUG 27 PM 12:09
DEPUTY CLERK
PARISH OF JEFFERSON, LA

FILED FOR RECORD

## REQUEST FOR NOTICE

   In accordance with the provisions of Articles 1571 and 1572 of the Louisiana Code of Civil Procedure, you are hereby requested to give us, as counsel for Petitioner, written notice, by mail, at least ten (10) days in advance of any date fixed for trial or hearing on this case, whether on exceptions, motions, rules, or the merits thereof.

   In accordance with the provisions of Articles 1913 and 1914 of the Louisiana Code of Civil Procedure, you are also requested to send notice of any order or judgment in this cause upon the entry of any such order or judgment.

CODED

IMAGED
AUG 27 2015

Filed by: Fax   615
Respectfully submitted,   Date: 8/26/15
                          Time: 5:14 pm
                          Deputy Clerk _____
                          (SEE ATTACHED LOG)

_____
STEPHEN R. RUE, ESQ.   (19136)
STEPHEN RUE & ASSOCIATES L.L.C.
3309 Williams Blvd.
Kenner, LA 70065
(504) 443-2400
**COUNSEL FOR PETITIONER**

**PLEASE SERVE:**

**DOLGENCORP, L.L.C.**
through its registered agent of service of process
**CORPORATION SERVICE COMPANY**
320 Somerulos Street
Baton Rouge, Louisiana 70802-6129



JON A. GEGENHEIMER

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

Suit Caption: _Merial Colman._

_Dolgencorp LLC_ vs.

Court: 24th Judicial District          Docket Number: _752.907_

Parish of Filing: Jefferson          Filing Date: _8/26/15_

Name of Lead Petitioner's Attorney: _Stephen R. Rue_

Name of Self-Represented Litigant: _____

Number of named petitioners: _1_          Number of named defendants: _1_

Type of Lawsuit: **Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):**

- [ ] Auto: Personal Injury
- [ ] Auto: Wrongful Death
- [ ] Asbestos: Property Damage
- [ ] Product Liability
- [ ] Intentional Bodily Injury
- [ ] Intentional Wrongful Death
- [ ] Business Tort
- [ ] Defamation
- [ ] Environmental Tort
- [ ] Intellectual Property
- [ ] Legal Malpractice
- [ ] Other Professional Malpractice
- [ ] Maritime
- [ ] Wrongful Death
- [ ] General Negligence

- [ ] Auto: Property Damage
- [ ] Auto: Uninsured Motorist
- [ ] Asbestos: Personal Injury/Death
- [X] Premise Liability
- [ ] Intentional Property Damage
- [ ] Unfair Business Practice
- [ ] Fraud
- [ ] Professional Negligence
- [ ] Medical Malpractice
- [ ] Toxic Tort
- [ ] Other Tort (describe below)
- [ ] Redhibition
- [ ] Class action (nature of case)

**Please briefly describe the nature of the litigation in one sentence of additional detail:**

_Slip and fall._

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

Name, address and contact information of person completing form:

Name _Stephen R. Rue._          Signature _____

Address _3309 Williams. Blvd. Kenner La. 70065_

Phone number: _443-2400_          E-mail address: _____

JON A. GEGENHEIMER

**VERSUS** * **DOCKET NUMBER:** ___ Div.___

Dollar General * **Jefferson** PARISH, LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

### In Forma Pauperis Affidavit

### All questions must be answered in full.

**Note:** Questions 2 and 3 should not be filled in if you are seeking protection from abuse.

1. Your Full Name: *MERIAL COLEMAN*

   Social Security Number (Optional): _____ Date of Birth ████

   Age: 61 Sex: F

2. **Address:** 6801 VETERANS Blvd Metairie La. 70003
   (Box Number or Street Address)   (City and State)   (Zip Code)
   (See Note above)

3. **Telephone Number(s):** (HOME) 504-274-9204 (WORK) _____
   (See Note above)

4. **Are you a Student?** ☐YES ☒NO If yes, please indicate the name of the school you are attending: _____ Enrollment Status: _____

5. **Current Household:**
   Single:☒ Married:☐ Separated:☐ Divorced:☐ Widowed:☐ Intimate partner:☐
   How many children do you support who are under 18? _____
   How many children live with you? _____ Do you have any other dependents? 0
   State the Name, Age and Relationship to you of the children and dependents:

   | NAME | AGE | RELATIONSHIP |
   |------|-----|--------------|
   |  |  |  |
   |  |  |  |
   |  |  |  |
   |  |  |  |

6. **What is your current Occupation?** HomeMAKER Are you employed?☐YES ☒NO
   (If yes, please complete the following **Employer Information**)
   Name of Employer: _____
   Address: _____
   (Street Address)   (City and State)   (Zip Code)
   Telephone Number: _____ How long have you been employed? ____

   (If you are not employed, please provide information of your **last employer**)
   Name of last employer: _____
   Address: _____
   (Street Address)   (City and State)   (Zip Code)
   How long have you been unemployed? _____
   What were your monthly wages? _____

7. **Gross Income:** (a) State your gross earned income from wages and how you are paid:
   Weekly?☐ Bi-Weekly?☐ Monthly?☐ Amount/month $_____

   (b) Apart from income or support listed in response to question 8(b) below, how much other income do you receive on a monthly basis? $_____

   (c) Monthly Deductions: Federal Income Tax: $_____ FICA: $_____ $_____

   (d) Other deductions: (explain) _____

   **TOTAL NET MONTHLY INCOME: (Add question 7 (a) + (b) less (c))** $_____

**8(a).  If you are married and live with a spouse, please answer:**

Is your spouse employed?_____  What is the occupation of your spouse?_____

Is your spouse paid Weekly?☐ Bi-Weekly?☐ Monthly?☐ Amount/month $_____

Name of spouse's employer:_____

Address: _____

| (Street Address) | (City and State) | (Zip Code) |

Telephone Number: _____  How long has spouse been employed? _____

**8(b).  Do you or your spouse receive any of the following income or support?**☐YES ☐NO

If yes, state the monthly amount.  SSI: $_____ Disability: $_____

Worker's Comp: $_____   Unemployment Benefits: $_____

Food Stamps: $_____   TANF: $_____   Child Support: $_____

Spousal Support: $_____ Kinship Care Subsidy Grant: $_____ Other: $_____

**If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.**

**9.  Do you own or have an interest in any of the following? (Including community property)**

A.

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ | $ |
| AUTOMOBILE | $ | $ |
| TRUCK | $ | $ |
| WATERCRAFT | $ | $ |
| LIVESTOCK | $ | $ |
| MACHINERY | $ | $ |
| STOCK | $ | |
| BONDS | $ | |
| CERTIFICATES OF DEPOSIT | $ | |
| OTHER IMMOVABLE PROPERTY | Equity $ | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)?☑YES ☐NO  Amount in account(s): $*6.07*

☐CHECKING ☐SAVINGS  Name and Location of Bank: _____

**TOTAL VALUE OF ASSETS:** $ _____

**B. i.  List your Monthly Expenses:**

| | | |
|---|---|---|
| Rent: $ *674.00* | Cable: $ *74.00* | Car Note: $ *0* |
| Lot Rent: $ | Garbage: $ | Car Insurance: $ *0* |
| House Note: $ *0* | Medical Insurance: $ | Transportation: $ *70.00* |
| House Insurance: $ *0* | Medical Expenses: $ | Food: $ *160.00* |
| Gas: $ | Dental Expenses: $ | Barber/ Beauty: $ |
| Electricity: $ *92.00* | Prescriptions: $ *40.00* | Entertainment: $ |
| Water: $ *15.00* | Life Insurance: $ *98.50* | Grooming Supplies: $ |
| Telephone: $ *62.00* | Daycare: $ | Garnishment: $ *0* |
| Property Taxes: $ | Child Support: $ *0* | Other: $ |

Total Amount of section i:                     $ *1,285.00*

**ii.  Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| *0* | $ |
| | $ |
| | $ |
| | $ |

**Total Amount of section ii:**          $ _____

**iii.  Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| *0* | |
| | |
| | |

**Total Amount of section iii:**          $ _____

**TOTAL MONTHLY EXPENSES:** (Add 9B (i+ii+iii) =Total Monthly Expenses)  $ _____

JON A. GEGENHEIMER

**10.** **Does anyone regularly help you pay your expenses?** ☒YES ☐NO

(a) If yes, state that person's name and relationship to you.

Name: _Wilma McCaskil_   Relationship: _Close Friend_

(b). Do you have any additional income or assets that are not shown above? ☐YES ☐NO

**If you answered yes to either (a) or (b), please explain:**

_Wilma McCaskill 504-256-8664_

**11.** **If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid?** (You are required to answer fully.)

_percentage_

**12.** **Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions?** ☑YES ☐NO

## MOVER'S AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** _Jefferson_

BEFORE ME the undersigned authority personally came and appeared:

_Mercy Coleman_

who, after being duly sworn, deposed and said:

1. He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2. That the above information is a true and correct statement of his/her financial condition.

3. That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4. He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_Mercial Coleman_
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _Jefferson Parish –_
Louisiana, this _27_ day of _August_, 20 _15_.
_Kenner_

_Lorraine Thompson #81004_
NOTARY PUBLIC
_Commissioned for life_

SEAL OF THE CLERK OF COURT PARISH OF JEFFERSON
JON A. GEGENHEIMER

IMAGED AUG 27 2015

# THIRD PARTY AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** _____Jefferson_____

    **BEFORE ME,** personally came and appeared: _Wilma C McCaskill_
who, after being sworn, deposed and said that he/she knows _Merlin Coleman_,
well and that he/she knows that because of his/her poverty and want of means, he/she is unable
to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

_Wilma C McCaskill_
               Signature of Witness

    SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in _Kenner, Louisiana_
Louisiana, this _27_ day of _August_, 20 _15_

JENNIFER R. THOMPSON
Notary Public
State of Louisiana
NOTARY ID NO. 81004
Orleans Parish

_Jennifer R Thompson #81004_
**NOTARY PUBLIC**
_Commissioned for life_

## LEGAL SERVICE PROGRAMS' DECLARATION

    **I ATTEST** that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that _____ has produced evidence
that he/she receives public assistance benefits, or that he/she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of
litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

    **Considering the foregoing Pleading and Affidavits:**
let _Merial Colman_ prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

    **THUS, READ AND SIGNED,** this _____ day of _____, 20___, in
_____, Louisiana.

_Denied having on the incomplete form re: Income_
_9/8/15_

_____
**DISTRICT JUDGE**

CODED

SEAL OF THE
CLERK OF COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA
JON A. GEGENHEIMER

IMAGEN
AUG 0 7 2015
SS

(101) Citation: ISSUE PETITION FOR DAMAGES/ REQUEST FOR NOTICE;      150910-6334-5

## 24TH JUDICIAL DISTRICT COURT
## PARISH OF JEFFERSON
## STATE OF LOUISIANA

MERIAL COLEMAN
   versus
DOLGENCORP LLC

Case: 752-967    Div: "J"
P 1 MERIAL COLEMAN

To: DOLGENCORP LLC
THROUGH ITS REGISTERED AGENT OF SERVICE OF
PROCESS
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE LA 70802-6129

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES/ REQUEST FOR NOTICE of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney STEPHEN R. RUE and was issued by the Clerk of Court on the 10th day of September, 2015.

/s/ Samantha J. Adam
Samantha J. Adam, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____SERVICE INFORMATION_____

(101) Citation: ISSUE PETITION FOR DAMAGES/ REQUEST FOR NOTICE;      150910-6334-5

Received:_____    Served:_____    Returned:_____

Service was made:
___ Personal                    ___ Domiciary _____

Unable to serve:
___ Not at this address      ___ Numerous attempts _____ times
___ Vacant                      ___ Received too late to serve
___ Moved                       ___ No longer works at this address
___ No such address          ___ Need apartment / building number
___ Other _____

Service: $_____    Mileage: $_____    Total: $_____

Completed by:_____ # _____
                 Deputy Sheriff
Parish of: _____

*Imaged 09/10/2015 09:24 - Signed: Deputy Clerk of Court /s/ Samantha J. Adam*



To: STEPHEN R RUE
    3309 WILLIAMS BLVD
    KENNER  LA 70065

From: DOLORES FRICKEY
     Docket Clerk; Division: I, J,K,L
     Clerk of Court – Jefferson Parish
     P. O. Box 10
     Gretna, La 70054 -0010

Subject: DENIED PAUPER APPLICATION

Date: 9/16/15

This letter of notification is to inform you that **(Your__/__Your client's)** pauper application Case Number: **752-967** ; Division: J , ENTITLED : MERIAL COLEMAN VS DOLGENCORP LLC . was **DENIED** 9/08/15; by the Honorable STEPHEN C GREFER  of the 24th Judicial District Court; Division: J

   **A.)** (You__ /__Your Client's) must pay Court Costs past, present and future in full. The present amount due is:  **$ 415.00**  (Or Re- Submit a new Pauper Application see attached.) If after 30 days (You__ /__Your client) become(s) delinquent in payments (Your__/__Your clients) name will be turned over to a collection agency for full payment plus administrative costs. **Refer to attached Court Order and /or Judgment.**

B.) (Your__ /__Your Client's) pauper application was **DENIED** and put on a monthly payment plan in the amount of **$_____** per month beginning ____. If after 30 days (You__ /__Your client) become(s) delinquent in payments (Your__ / __Your clients) name will be turned over to a collection agency for full payment plus administrative costs. Since the Clerk of Court does not charge interest you will not receive a monthly statement giving you your present court costs balance. **Refer to attached Court Order and /or Judgment.** The accrued amount for court costs to date is:  **$_____.**

If you have any questions please contact me. My business phone number is 364-2999

           Denied Pauper is:P-1

Signed by:_____
        Deputy Clerk
        D.FRICKEY



JON A. GEGENHEIMER

To: STEPHEN R RUE
    3309 WILLIAMS BLVD
    KENNER  LA 70065

From: DOLORES FRICKEY
    Docket Clerk; Division: I, J,K,L
    Clerk of Court – Jefferson Parish
    P. O. Box 10
    Gretna, La 70054 -0010

Subject: DENIED PAUPER APPLICATION

Date: 9/16/15

This letter of notification is to inform you that **(Your__/__Your client's)** pauper application Case Number: **752-967**  ; Division: J , ENTITLED :  MERIAL COLEMAN VS DOLGENCORP LLC . was **DENIED** 9/08/15; by the Honorable STEPHEN C GREFER  of the 24th Judicial District Court; Division: J
.

    **A.)** (You__ /__Your Client's) must pay Court Costs past, present and future in full. The present amount due is: __**$ 415.00**__ (Or Re- Submit a new Pauper Application see attached.) If after 30 days (You__ /__Your client) become(s) delinquent in payments (Your__/__Your clients) name will be turned over to a collection agency for full payment plus administrative costs. **Refer to attached Court Order and /or Judgment.**

B.) (Your__ /__Your Client's) pauper application was **DENIED** and put on a monthly payment plan in the amount of **$**_____ per month beginning ____**.** If after 30 days (You__ /__Your client) become(s) delinquent in payments (Your__ / __Your clients) name will be turned over to a collection agency for full payment plus administrative costs. Since the Clerk of Court does not charge interest you will not receive a monthly statement giving you your present court costs balance. **Refer to attached Court Order and /or Judgment.** The accrued amount for court costs to date is:  **$**_____.

If you have any questions please contact me. My business phone number is 364-2999

        Denied Pauper is:P-1

Signed by:_____
      Deputy Clerk
      D.FRICKEY





(101) Citation: ISSUE PETITION FOR DAMAGES/ REQUEST FOR NOTICE;    150910-6334-5

24TH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON
STATE OF LOUISIANA

MERIAL COLEMAN
    versus
DOLGENCORP LLC

Case: 752-967    Div: "J"
P 1 MERIAL COLEMAN

To: DOLGENCORP LLC
THROUGH ITS REGISTERED AGENT OF SERVICE OF
PROCESS
CORPORATION SERVICE COMPANY
320 SOMERULOS STREET
BATON ROUGE LA 70802-6129

PARISH OF JEFFERSON

You are hereby summoned to comply with the demand contained in the PETITION FOR DAMAGES/ REQUEST FOR NOTICE of which a true and correct copy accompanies this citation, or make an appearance either by filing a pleading or otherwise, in the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, within FIFTEEN (15) CALENDAR days after the service hereof, under penalty of default.

This service was requested by attorney STEPHEN R. RUE and was issued by the Clerk of Court on the 10th day of September, 2015.

/s/ Samantha J. Adam
Samantha J. Adam, Deputy Clerk of Court for
Jon A. Gegenheimer, Clerk of Court

_____ SERVICE INFORMATION _____

(101) Citation: ISSUE PETITION FOR DAMAGES/ REQUEST FOR NOTICE;    150910-6334-5

Received:_____  Served:_____  Returned:_____

Service was made:
    ___ Personal    ___ Domiciliary _____

Unable to serve:
    ___ Not at this address  ___ Numerous attempts _____ times
    ___ Vacant  ___ Received too late to serve
    ___ Moved  ___ No longer works at this address
    ___ No such address  ___ Need apartment / building number
    ___ Other _____

Service: $_____  Mileage: $_____  Total: $_____

Completed by:_____ # _____
        Deputy Sheriff
Parish of: _____

10/22/2015 15:15:43 CERTIFIED TRUE COPY - Pg:1 of 2 - Jefferson Parish Clerk of Court - ID:157204



**Sid J. Gautreaux**
**Sheriff East Baton Rouge Parish**

Clerk of Court  Jefferson Parish
P.O. Box 10

Gretna, LA 70054

**DISTRICT COURT**
For the Parish of East Baton Rouge
9/22/2015

IMAGED SEP 29 2015

Case: (26) 752967          MERIAL COLEMAN vs DOLGENCORP LLC
1,340,202

| Nbr | Date | Service Type | Charges |
|-----|------|--------------|---------|
| 1 | 09/22/2015 | Citation<br>; 1 CORP SERVICES; BATON ROUGE, LA 70809 | $20.00 |
| 1 | 09/22/2015 | Mileage Charge | $3.12 |

|  |  | **Case Total:** | **$23.12** |

|  | **Total:** | **$23.12** |

Please make check payable to:
Sid J. Gautreaux, Sheriff
P.O. Box 3277
Baton Rouge, LA 70821

PLEASE RETURN THIS BILL WITH CHECK



JON A. GEGENHEIMER

24ᵀᴴ JUDICIAL DISTRICT COURT FOR JEFFERSON

STATE OF LOUISIANA

NO. 752-967                                    DIVISION "J"

MERIAL COLEMAN

VERSUS

DOLGENCORP, LLC

FILED:_____     _____
                                    DEPUTY CLERK

## EXCEPTIONS

NOW INTO COURT, through undersigned counsel, comes exceptor, DG Louisiana, LLC (incorrectly styled "Dolgencorp, LLC"), which now excepts to the Petition for Damages filed on behalf of Merial Coleman by averring as follows:

DG Louisiana, LLC, excepts to the Petition for Damages for the following reasons:

a.     Pursuant to Louisiana Code of Civil Procedure Article 926, the Petition does not conform with the requirements of Article 893.

For the reasons more fully explained in the accompanying memorandum, exceptor, DG Louisiana, LLC, excepts to the Petition for Damages and prays that its exception is granted, and that pursuant to Louisiana Code of Civil Procedure, plaintiff be ordered to amend her lawsuit to state with specificity whether or not the plaintiff's alleged damages exceed or are less than $75,000.00 exclusive of interests and costs, and whether or not said alleged damages exceed the requisite amount required for a trial by jury.

Respectfully Submitted:

_____
PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16ᵗʰ day of October, 2015, I served a copy of the foregoing Answer on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid and/or by electronic means.

_____



JON A. GEGENHEIMER

24TH JUDICIAL DISTRICT COURT FOR JEFFERSON

STATE OF LOUISIANA

NO. 752-967                                                          DIVISION "J"

MERIAL COLEMAN

VERSUS

DOLGENCORP, LLC

FILED:_____          _____
                                                    DEPUTY CLERK

### RULE TO SHOW CAUSE

CONSIDERING the foregoing Dilatory exception;

IT IS ORDERED that the plaintiff, Merial Coleman, show cause on the 1st day of

December, 2015, why exceptor, DG Louisiana, LLC's exception should not be granted at 9:00 Am.

requiring plaintiff to amend her lawsuit to state with specificity the amount of damages so sought in

order to establish jurisdiction and to conform with the requirements of Louisiana Code of Civil

Procedure.

Gretna, Louisiana, this 19th day of October, 2015.

CODED

_____
JUDGE

PLEASE SERVE:

Plaintiff, Merial Coleman,
through her attorney of record:

Stephen R. Rue, Esq.
3309 Williams Boulevard
Kenner, LA 70065

24th E-Filed: 10/16/2015 15:56:22 Case: 752967 Div:J Atty:023353 PETER J WANEK



24TH JUDICIAL DISTRICT COURT FOR JEFFERSON

STATE OF LOUISIANA

NO. 752-967                                                        DIVISION "J"

MERIAL COLEMAN

VERSUS

DOLGENCORP, LLC

FILED:_____        _____
                                              DEPUTY CLERK

### MEMORANDUM IN SUPPORT OF EXCEPTIONS

May It Please The Court:

 Exceptor, DG Louisiana, LLC (incorrectly styled "Dolgencorp, LLC"), has been sued in the above numbered and entitled cause by the plaintiff, Merial Coleman. In her lawsuit, plaintiff alleges that on or about August 28, 2014, she was injured while walking in a Dollar General store in Jefferson Parish as a result of a slip and fall accident. *See* Petition for Damages. Plaintiff further alleged the incident was caused by the negligence of the defendant and that defendant is liable to plaintiff. *Id.*

 Pursuant to Louisiana Code of Civil Procedure, specifically Article 926, DG Louisiana, LLC, has filed a Dilatory Exception alleging that the plaintiff's Petition does not conform with the requirements of the Louisiana Code of Civil Procedure as to form. Specifically, exceptor cites to Louisiana Code of Civil Procedure Article 893, entitled "Pleading of Damages" which states in pertinent part:

> A(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises **except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required.** (Emphasis added)

 In the instant matter, the plaintiff alleges that she have suffered a number of injuries as a result of an alleged accident at a Dollar General store in Jefferson Parish. However, the petition violates Louisiana Code of Civil Procedure in that it fails to state whether or not those damages exceed the requisite amount for a trial by jury in Louisiana ($50,000.00 at present) and fails to state whether or not the damages sought are in excess of $75,000.00 such that diversity subject matter jurisdiction might

10/22/2015 15:17:08 CERTIFIED TRUE COPY - Pg:1 of 3 - Jefferson Parish Clerk of Court - ID:157206

JON A. GEGENHEIMER

exist for removal of the instant matter to federal court.

In the event the plaintiff's damages sought are in excess of $75,000.00, exceptor, DG Louisiana, LLC, is entitled to remove this matter to federal court pursuant to 28 U.S.C. Section 1332, diversity jurisdiction. However, at the present time, exceptor is barred from removing this matter to federal court until such time as the plaintiff has amended the lawsuit to plead with specificity whether or not such damages sought are greater than $75,000.00, exclusive of interest and costs. Pursuant to Louisiana Code of Civil Procedure Article 923, 928 and 929, exceptions are meant to test the sufficiency of the pleading. Exceptor is entitled to have the exception heard prior to the filing of the Answer and well before trial.

In an effort to resolve this issue prior to hearing, counsel for exceptor forwarded to the plaintiff, through her counsel, an e-mail on October 5, 2015, with a formal Stipulation requesting that she make known whether or not the damages sought exceed $75,000.00 or are less than $75,000. See Exhibit A, correspondence to plaintiff's counsel dated October 5, 2015.   However, to date, plaintiff has neither signed a stipulation to damages under $75,000 nor amended her petition to comply with Article 893. Thus, exceptor is compelled to file the instant Exception. Should the plaintiff amend the original Petition for Damages that damages to plead that the plaintiff's damages sought are GREATER than $75,000.00, exceptor will kindly withdraw the present exception and proceed forward by removing this matter to federal court.

However, until such time as the formal Stipulation is executed or an Amended Petition for Damages received, exceptor maintains that its exception has merit and prays for an order from this Court commanding the plaintiff to supplement and to amend the present Petition such that it conforms with the Louisiana Code of Civil Procedure to permit counsel for exceptor to learn whether or not diversity jurisdiction exists (subject matter jurisdiction) for the purposes of removing the instant matter to federal court.

Respectfully Submitted:

PETER J. WANEK (23353)
TREVOR C. DAVIES (32846)
KATHRYN T. TREW (34116)
MCCRANIE, SISTRUNK, ANZELMO,
HARDY, MCDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946



## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 16th day of October, 2015, I served a copy of the foregoing Answer on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid and/or by electronic means.



10/22/2015 15:17:08 CERTIFIED TRUE COPY - Pg:3 of 3 - Jefferson Parish Clerk of Court - ID:157206



# McCranie Sistrunk Anzelmo Hardy McDaniel & Welch LLC

909 Poydras Street, Suite 1000  New Orleans, LA 70112
(504) 831-0946  (800) 977-8810 Fax   www.mcsalaw.com

Trevor C. Davies
Direct Dial: (504) 846-8448
Email: tdavies@mcsalaw.com
*Licensed in Louisiana & Wisconsin

October 5, 2015

Ruemanager@aol.com
Stephen R. Rue, Esq.
Stephen Rue & Associates, LLC
3309 Williams Blvd
Kenner, La. 70065

RE:     Merial Coleman v. Dolgencorp, LLC.
        24th JDC Court Parish of Jefferson
        Docket No. 752967, Section "J"
        Our Ref: 4781-69-5

Dear Mr. Rue:

Our firm has been retained to represent DG Louisiana, LLC, in this matter which you have filed on behalf of M. I note in your Petition that you fail to state whether or not your client's claim is less than or in excess of $75,000.

Louisiana law requires that a statement to establish jurisdiction of the court be made in the Petition for Damages, and reads in pertinent part:

Art. 893.  Pleading of damages

A.(1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate.


SEAL OF THE CLERK OF COURT PARISH OF JEFFERSON STATE OF LOUISIANA

JON A. GEGENHEIMER

10/22/2015 15:17:48 CERTIFIED TRUE COPY - Pg:1 of 3 - Jefferson Parish Clerk of Court - ID:157207

EXHIBIT
A



(2)     If a petition is filed in violation of this Article, the claim for a specific monetary amount of damages shall be stricken upon the motion of an opposing party and the court may award attorney's fees and costs against the party who filed the petition.

I would ask that you either amend your Petition to allege whether or not the damages sought are less than or greater than $75,000 to comply with Article 893 above, OR sign the attached Stipulation which then may be filed in the record. If you choose to do neither, we may at our option file an Exception with the court and will request attorney fees and costs associated therewith; Or, we may answer, propound discovery to you seeking a sum certain in damages or for you to quantify the amount of damages sought, and then address the jurisdiction issue with the court.

I am enclosing a formal stipulation regarding damages which I would appreciate you reviewing and signing if able. As always, please feel free to call me to discuss further.

I look forward to hearing from you and to working with you on this file. With kind regards, I remain

Very truly yours,

Trevor C. Davies

TCD/ss
Enclosure



10/22/2015 15:17:48 CERTIFIED TRUE COPY - Pg:2 of 3 - Jefferson Parish Clerk of Court - ID:157207

JON A. GEGENHEIMER

### 24TH JUDICIAL DISTRICT COURT FOR JEFFERSON

### STATE OF LOUISIANA

NO. 752-967                                              DIVISION "J"

### MERIAL COLEMAN

### VERSUS

### DOLGENCORP, LLC

FILED:_____

_____
DEPUTY CLERK

### JOINT STIPULATION

**NOW INTO COURT,** through undersigned counsel, comes plaintiff, Merial Coleman, and defendant, DG Louisiana, LLC (incorrectly styled "Dolgencorp, LLC"), who together hereby stipulate that the damages complained of in the above-captioned matter are less than $75,000, exclusive of interest and costs.

In the event plaintiff receives a judgment for the matters sued upon herein in any court in excess of $75,000 plaintiff hereby stipulates that she waives her right to recover from any person, firm, or corporation, whether or not named herein, any sum whatsoever in excess of $75,000 exclusive of interest and cost.

It is further stipulated that plaintiff will take no action whatsoever in any court, whether federal or state, to execute, enforce, or record any judgment for the matters sued upon herein in excess of the aforesaid amount ($75,000).

Respectfully Submitted:

Stephen R. Rue, Esq. (19136)
Stephen Rue & Associates, LLC
3309 Williams Blvd
Kenner, La. 70065

PETER J. WANEK (23353)
TREVOR DAVIES (32846)
MCCRANIE, SISTRUNK, ANZELMO
HARDY, MCDANIEL & WELCH
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-8810

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on counsel of record by placing the same in the United States Mail, postage prepaid and properly addressed, October, _____, 2015.

