UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MERIAL COLEMAN,**<br>      Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO. 15-5403** |
| **DOLGENCORP, LLC,**<br>      Defendant | **SECTION: "E"** |

## ORDER AND REASONS

Before the Court is a motion to remand filed by Plaintiff Merial Coleman.[1] Defendant Dolgencorp, LLC, does not oppose the motion. The Court has considered the briefs, the record, and the applicable law, and now issues its ruling. For the reasons stated herein, the motion to remand is **GRANTED**.

## BACKGROUND

On August 26, 2015, Plaintiff Merial Coleman filed a Petition for Damages against Dolgencorp, LLC, in the 24th Judicial District Court for Jefferson Parish, Louisiana.[2] The lawsuit arises out of a slip-and-fall incident at the Dollar General store located at 7123 Veterans Memorial Boulevard in Metairie, Louisiana.[3] Plaintiff alleges that, on or about August 28, 2014, she slipped and fell on "fluid, water, and/or cleaning liquid negligently placed or otherwise mopped onto the floor by an employee [of Dollar General]."[4] As a result, Plaintiff contends she suffered "severe physical pain and keen mental anguish" and has, because of the incident, "suffered through extensive medical care and treatment."[5]

---

[1] R. Doc. 9.
[2] R. Doc. 1-1 at 2–8.
[3] R. Doc. 1 at 2.
[4] R. Doc. 1 at 2; R. Doc. 1-1 at 2–3.
[5] R. Doc. 1-1 at 6–7.

1

On October 22, 2015, Defendant filed a Notice of Removal on the basis of this Court's diversity subject matter jurisdiction under 28 U.S.C. § 1332.[6] Defendant noted that Plaintiff is a citizen of Louisiana, while Defendant is a limited liability company whose sole member is Dollar General Corporation, which is incorporated and has its principal place of business in Tennessee.[7] Thus, complete diversity of citizenship is present. With respect to the amount in controversy, Defendant cited the extent of Plaintiff's alleged injuries and a settlement demand letter submitted by Plaintiff for an amount in excess of $75,000.[8]

On November 11, 2015, Plaintiff filed an "unopposed" motion to remand.[9] It is this motion that is presently before the Court. In the motion, Plaintiff stipulates that her damages do not exceed $75,000 and attaches an affidavit to that effect.[10] Thus, Plaintiff asks the Court to remand this matter to state court.

## DISCUSSION

The present motion to remand is unopposed.[11] Nevertheless, it is well established that parties may neither consent to nor waive federal subject matter jurisdiction.[12] Therefore, a brief analysis is required.

In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists.[13] This showing

---

[6] *See* R. Doc. 1. Removal was timely, as Defendant was not served until September 23, 2015. R. Doc. 1 at 2. Thus, removal properly took place within the statutorily required 30-day window following service.
[7] R. Doc. 1 at 4.
[8] R. Doc. 1 at 4–5.
[9] *See* R. Doc. 9.
[10] R. Doc. 9 at 1, 3.
[11] In the motion, Plaintiff notes that he contacted counsel for Defendant, who had no objection to the motion to remand. *See* R. Doc. 9 at 1.
[12] *See, e.g.*, *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999); *see also Burns v. International Paper*, No. 13-3010, 2014 WL 691613, at *1 (W.D. La. Feb. 21, 2014); *Johnson Storage & Moving Co. (726), L.L.C. v. Vanliner Ins. Co.*, No. 07-7236, 2007 WL 4301294, at *1 (E.D. La. Dec. 3, 2007).
[13] *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.[14]

In this case, the Court finds that the Defendant has not met its burden. The Notice of Removal is not "sufficiently particularized" to show that the amount in controversy exceeds $75,000, and it also is not facially apparent from Plaintiff's state-court petition that the amount-in-controversy requirement is satisfied. Moreover, the Court notes that the present motion to remand is based on Plaintiff's stipulation that the minimum jurisdictional amount is not in controversy and that she will not seek damages in excess of the jurisdictional minimum.[15]

Based on the record and the law, the Court finds that the amount in controversy is not satisfied in this case. Moreover, the Court must be mindful that removal jurisdiction is strictly construed.[16] When subject matter jurisdiction is doubtful, remand is appropriate.[17]

Accordingly;

**IT IS ORDERED** that the motion to remand[18] is **GRANTED**. This matter is remanded to the 24th Judicial District Court for Jefferson Parish, Louisiana.

**New Orleans, Louisiana, this 20th day of November, 2015.**

*[signature: Susie Morgan]*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Simon*, 193 F.3d at 850; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). *See also White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003).
[15] R. Doc. 9 at 1, 3.
[16] *See, e.g., Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir. 1986); *Andrews v. AMERCO*, 920 F. Supp. 2d 696, 701 (E.D. La. 2013).
[17] *Johnson Storage & Moving Co. (726)*, 2007 WL 4301294, at *1.
[18] R. Doc. 9.